UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>IN THE MATTER OF THE EXTRADITION OF EUSTOLIO GONZALEZ GONZALEZ,<br><br>        Defendant. | Case No. 09-mj-70576-DMR-1<br><br>**ORDER ON UNITED STATES' MOTION TO REVOKE BOND AND PETITIONER'S MOTION TO STAY CERTIFICATION OF EXTRADITION** |

The United States filed a motion to revoke the bond of Petitioner Eustolio Gonzalez Gonzalez. Gonzalez responded by filing a motion to stay certification of his extradition. [Docket Nos. 64, 67.] The court conducted a hearing on March 12, 2015 and ordered the parties to submit further briefing addressing the court's authority to decide whether Mr. Gonzalez should be detained pending extradition. The parties timely filed the requested briefing. [Docket Nos. 72 (Gov't's Supplemental Br.), 73.] For the following reasons, the court denies the motion to stay and orders the parties to submit supplemental briefing regarding Mr. Gonzalez's detention.

**I. Procedural Background**

In these proceedings, the government of Mexico seeks the extradition of Eustolio Gonzalez Gonzalez, an eighty-five year old legal permanent resident of the United States. On March 5, 2009, Mexican authorities charged him with the attempted homicide of two individuals in an incident that allegedly took place on March 6, 2006 in Ziracuaretiro in the State of Michoacan.

On June 26, 2009, the United States filed a complaint for provisional arrest upon request of the Mexican government, and pursuant to the extradition treaty in force between the two countries, Proclamation on Extradition, U.S.-Mex., Jan. 25, 1980, 31 U.S.T. 5059 ("Treaty"). [Docket No. 1.] Mr. Gonzalez made his initial appearance on September 4, 2009. [Docket No. 3.] On September 15, 2009, the court released him from custody subject to a $250,000 bond and other

release conditions, including location monitoring. [Docket No. 13.] Mr. Gonzalez has remained out on bond and under the supervision of the Pretrial Services Office.

Mr. Gonzalez subsequently filed a motion arguing that the complaint for provisional arrest should be dismissed under Article 7 of the Treaty. He argued that the lapse of time between the underlying charged conduct, which occurred in 2006, and the filing of the 2009 extradition complaint violated the Speedy Trial Clause of the Sixth Amendment. [Docket No. 19.] The Honorable Saundra B. Armstrong denied the motion on October 31, 2011, and reassigned the matter to this court to conduct the extradition proceedings. [Docket Nos. 38, 39.]

On April 10, 2012, the undersigned certified that there was sufficient evidence to sustain the underlying charge under the governing extradition treaty and certified that finding to the Secretary of State for a final extradition decision pursuant to 18 U.S.C. § 3184. [Docket No. 53.] Before the Secretary could make its final decision, Gonzalez challenged the certification order by petition for writ of habeas corpus. *See Gonzalez v. O'Keefe*, No. 12-cv-02681 LHK (N.D. Cal. filed May 24, 2012). The habeas case was assigned to the Honorable Lucy H. Koh. On November 12, 2014, Judge Koh issued an order denying the petition and denying a certificate of appealability. Mr. Gonzalez filed a notice of appeal on December 8, 2014 and filed a request for a certificate of appealability in the Ninth Circuit Court of Appeals on January 22, 2015. The Ninth Circuit has not yet ruled on the pending request.

On February 20, 2015, the United States filed a motion to revoke Mr. Gonzalez's bond so that he may be surrendered to Mexican authorities pursuant to the final extradition decision of the Secretary of State. [Docket No. 64.] In response, Mr. Gonzalez moves to stay certification of extradition pending resolution of his appeal to the Ninth Circuit Court of Appeals from the denial of his habeas petition. [Docket No. 67.] The government opposes the motion to stay. [Docket No. 68.]

**II. Discussion**

2

**A.     Motion to Stay**

   **1.     Legal Standard**

Courts generally consider four factors when determining whether to grant a stay pending the outcome of an appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted).  The first two facts of this test are the most critical.  *Nken*, 556 U.S. at 434.  The Ninth Circuit has held that first factor of the *Nken* test does not require a demonstration that success on appeal is more likely than not; rather, the moving party need only show that his or her appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success."  *Leiva-Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011).  Where the government is the opposing party, the third and fourth factors merge.  *Nken*, 556 U.S. at 435.

A stay is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 556 U.S. at 433-34 (citations and quotation marks omitted).

**B.     Analysis**

Mr. Gonzalez argues that he satisfies the first two factors of the *Nken* test.  He asserts that his case presents serious questions regarding the procedural validity of his extradition proceedings; namely, whether the three-year lapse of time between the underlying charge of attempted homicide and the filing of the complaint in this extradition case violated his Sixth Amendment right to a speedy trial.  He also asserts that he would be irreparably harmed absent a

3

stay.

The court finds that Mr. Gonzalez has established the irreparable harm factor. If the court denies his motion to stay and the government extradites him to Mexico, his appeal will be deemed moot and his case will be dismissed. *See Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) (finding petitioner had established possibility of irreparable injury if court denied motion to stay because "his appeal will become moot and will be dismissed since the extradition will have been carried out.").

However, the court finds that the legal argument raised by Mr. Gonzalez's appeal does not present a "serious legal question[]," nor does it have "a reasonable probability or fair prospect of success." *See Leiva-Perez*, 640 F.3d at 971. Article 7 of the treaty between the United States and Mexico states, "Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought *has become barred by lapse of time according to the laws of the requesting or requested Party*." (Treaty Art. 7 (emphasis added).) Mr. Gonzalez argues that the "lapse of time" provision incorporates the constitutional right to a speedy trial. He asserts that extradition should not be granted because the United States would bar his prosecution on the ground that the three-year delay between the underlying charge and the filing of the complaint seeking extradition violates his right to a speedy trial. According to Mr. Gonzalez, the law is unsettled as to whether the lapse of time provision in an extradition treaty applies to speedy trial requirements, as opposed to statutes of limitation. For that reason, he asserts that his case meets the "serious legal question" threshold.

The court notes that Mr. Gonzalez's argument about the lapse of time provision has twice been rejected by courts in this district. [*See* Docket No. 38 (Oct. 31, 2011 Order Denying Defendant's Motion to Dismiss); Docket No. 8, Case No. 12-cv-02681 LHK (Nov. 12, 2014 Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability, "Habeas Order").] As Judges Armstrong and Koh noted, Mr. Gonzalez's position has little support in the

4

case law. The sole case he cites in aid of his argument is *In re Extradition of Mylonas*, 187 F. Supp. 716, 721 (N.D. Ala. 1960), in which the court interpreted a similar provision in the extradition treaty between the United States and Greece and found that the speedy trial clause applies to extradition proceedings. However, the Eleventh Circuit has overruled *Mylonas*. *See Martin v. Warden, Atlanta Pen*, 993 F.2d 824, 829 n.8 (11th Cir. 1993) (expressly disapproving *Mylonas*'s holding that "a defendant has a Sixth Amendment right to a 'speedy extradition'"); *Yapp v. Reno*, 26 F.3d 1562, 1567, 1568 (11th Cir. 1994) (concluding that lapse of time provision in treaty between U.S. and Bahamas "refers to the running of a statute of limitations and not to a defendant's Sixth Amendment right to a speedy trial," noting express disapproval of *Mylonas*).

      The Ninth Circuit has not addressed the precise issue of whether the lapse of time provision in the treaty incorporates the Sixth Amendment. However, it has held that the phrase "lapse of time" in Article 7 refers to the statutes of limitations in Mexico and the United States. *See Causbie Gullers v. Bejarano*, 293 Fed. Appx. 488, 489 (9th Cir. 2008) (noting that "[f]or [petitioner] to be extraditable, the prosecution against her must fall within the statute of limitations according to the laws of both the 'requesting party,' i.e., Mexico, and the 'requested party,' i.e., the United States." (citing *Clarey v. Gregg*, 138 F.3d 764, 766 (9th Cir. 1998))). Moreover, the Ninth Circuit has addressed the broader issue of whether constitutional protections are available to defendants in extradition proceedings and acknowledged that "the Constitution does not of its own force impose on foreign governments the obligation to act speedily in seeking extradition of a fugitive from the United States." *See In re Extradition of Kraiselburd*, 786 F.2d 1395, 1398 (9th Cir. 1986). In *Kraiselburd*, the court held that even when an extradition treaty grants individuals "the right to use such remedies and recourses as are provided by the law of the requested Party," defendants are not entitled to "invoke the constitutional protections that the United States Constitution affords defendants in American criminal prosecutions." *Id*. (citing *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984) ("it has long been settled that United States' due

5

process rights cannot be extended extraterritorially"); *see Kamrin*, 725 F.2d at 1227-28 (rejecting petitioner's attempt to apply United States' five-year statutes of limitation to charged crimes where treaty only provided that "[e]xtradition shall not be granted . . . when the prosecution for the offense has become barred by lapse of time according to the laws of the *requesting* state" and requesting state had no applicable statutes of limitation (emphasis in original)). Instead, the "remedies and recourses" provision only obligates the requesting party to comply with the applicable statute of limitations. *Kraiselburd*, 786 F.2d at 1398 (citing *Kamrin*, 725 F.2d at 1227-28). Taken together with the Ninth Circuit's holding in *Causbie Gullers*, the reasoning in *Kraiselburd* and *Kamrin* is inconsistent with Mr. Gonzalez's argument that the lapse of time provision in Article 7 incorporates the Sixth Amendment's guarantee of a speedy trial. Courts in this circuit considering this precise issue have held that the lapse of time provision refers only to the running of the statute of limitations. *See, e.g., In re Flores Ortiz*, No. 10-MJ-2016-JMA, 2011 WL 3441618, at *5 (S.D. Cal. Feb. 9, 2011) (finding that petitioner's argument that "'lapse of time' provision in [U.S.-Mexico treaty] incorporates the Sixth Amendment right to a speedy trial is without merit"); *United States v. Garfias*, No. CR-09-xr-90128 EMC, 2009 WL 2580641, at *3 (N.D. Cal. Aug. 20, 2009) (same). Mr. Gonzalez offers no reason to believe that the Ninth Circuit would hold otherwise.

Therefore, as Mr. Gonzalez has failed to make demonstrate that his case raises serious legal questions, or has a reasonable probability or fair prospect of success on the merits, the court need not address the two remaining *Nken* factors. His motion to stay the certification of his extradition pending resolution of his appeal by the Ninth Circuit is denied.

**B.     Motion to Revoke Bond**

The United States asks the court to revoke Mr. Gonzalez's bond and remand him to federal custody pending his surrender to Mexican authorities. According to the United States, the court's "limited authority to consider bail in 'special circumstances' pending an extradition decision no

longer applies." Mr. Gonzalez has been certified as extraditable, the decision has been upheld by the district court, and the Secretary of State has made a final decision to extradite him. Therefore, "at this point in the extradition process, an extradition magistrate [judge] or judge no longer has discretion to order release." (Gov't's Supplemental Br. 1, 3.)

The government bases its position on the language of the international extradition statute, 18 U.S.C. § 3184, which it argues "requires that a fugitive be taken into custody so that he can be surrendered to the requesting country once extradition has been granted." (Gov't's Supplemental Br. 3.) Section 3184 provides in pertinent part that

> any magistrate judge authorized [to do] so . . . may, upon complaint made under oath . . . issue his warrant for the apprehension of the person so charged . . . to the end that the evidence of criminality may be heard and considered. . . . If, on such hearing, [the magistrate judge] deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, or under section 3181(b), [the magistrate judge] shall certify the same, together with a copy of all the testimony taken before [the judge], to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and [the magistrate judge] *shall issue [a] warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.*

18 U.S.C.A. § 3184 (emphasis added). The government focuses on what it describes as the "mandatory language" in the final portion of the statute; specifically, that the judge "shall issue [a] warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made." Notably, this argument has been considered and rejected by district courts, including at least one court in this circuit. *See, e.g., Garcia v. Benov*, No. CV 08-07719 MMM, 2009 WL 6498194, at *5 n.23 (C.D. Cal. April 13, 2009) ("The court rejects respondent's argument that the courts are without power to grant bail following certification of a request for extradition"); *see also In re Kapoor*, No. 11-M-456 (RML), 2012 WL 2374195, at *2-3 (same).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., "has no application to

international extradition because this act applies only to persons accused of committing crimes against the United States." *In re Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1213 (D. Nev. 1993). Section 3184 "is silent regarding the availability of bail in extradition cases; it neither provides for it nor prohibits it." *Garcia*, 2009 WL 6498194, at *5 n.23. The Supreme Court's "only pronouncement on the topic of bail in extradition cases" is *Wright v. Henkel*, 190 U.S. 40 (1903). *See In re Extradition of Garcia*, 615 F. Supp. 2d 162, 169 (S.D.N.Y. 2009) (collecting cases). In *Wright*, a United States citizen sought release on bail prior to his extradition hearing. The extradition commissioner denied his release "on the ground that no power existed for admitting petitioner to bail." *Id*. at 43. The Court affirmed the denial of bail, finding no error, but criticized the original grounds for the denial of bail "on the ground of want of power." *Id*. at 62-63. The Court noted a lack of statutory authorization for bail in foreign extradition cases, and found that release after an extradition hearing would be inconsistent with the language of § 3184's predecessor, which contained the same "shall issue" and "there to remain" language. *Id*. at 62. However, it stated that it was "unwilling to hold that the circuit courts possess no power in respect of admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief." *Id*. at 63. As the court in *Benov* noted, the Supreme Court "drew no analytical distinction between pre- and post-certification bail applications; in analyzing the appellant's pre-certification bail request, it applied the same statutory language on which [the government] relies here." *Benov*, 2009 WL 6498194, at *5 n.23 (citing *Wright*, 190 U.S. at 62 ("And the same reasons which induced the language used in the statute would seem generally applicable to release pending examination.")).

The United States has not cited any persuasive authority to support its position[1], and

---

[1] The sole case cited by the United States is *In re Extradition of Markey*, No. 3:09-mj-75 CAN, 2010 WL 610975, at *4 (N.D. Ind. Feb. 18, 2010), in which the court noted that it had no authority

8

indeed, since *Wright*, courts have "time and again considered bail requests after a judicial finding of extraditability." *Kapoor*, 2012 WL 2374195, at *3 (collecting cases). This court agrees with courts that have concluded that they have authority to consider bail in international extradition cases even after a certificate of extraditability has issued, notwithstanding the language of § 3184.

In the Ninth Circuit, "[t]here is a presumption against bail in an extradition case and only 'special circumstances' will justify bail." *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989) (denying motion for bail pending appeal of denial of habeas petition challenging extradition certification; finding no demonstration of "special circumstances" justifying bail) (citing *Wright*, 190 U.S. at 63). Although "*Wright* does not provide significant guidance as to what 'circumstances' might be considered 'special,'" *In re Extradition of Kirby*, 106 F.3d 855, 863 (9th Cir. 1996), the Ninth Circuit in *Salerno* listed examples of circumstances which potentially warrant bail in extradition cases. These include "the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno*, 878 F.2d at 317 (citations omitted). The party seeking release on bail bears the burden of showing that special circumstances exist by a preponderance of the evidence. *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1035 n.4 (C.D. Cal. 2006). In addition, the party seeking release on bail "also must demonstrate that there is no risk he will fail to appear for further extradition proceedings and that he is not a danger to the community. *Id*.

In light of this court's determination that it retains authority to consider bail in this matter, the court orders Mr. Gonzalez to submit a brief by no later than April 3, 2015 establishing "special circumstances" justifying his continued release, as well as demonstrating that he is not a flight risk

---

to release an individual after issuing the certificate of extraditability. However, this case contains no analysis on this issue; instead, the court acknowledged the government's argument and noted that the petitioner agreed with the government's position.

and is not a danger to the community. The United States may respond to Mr. Gonzalez's submission by no later than April 10, 2015.

### IV. Conclusion

For the foregoing reasons, the court denies Mr. Gonzalez's motion to stay certification of extradition. The court orders the parties to submit additional briefing regarding Mr. Gonzalez's continued release as detailed in this order. Mr. Gonzalez shall remain out of custody, subject to the existing conditions of his release, pending further court order.

**IT IS SO ORDERED.**

Dated: March 27, 2015



Judge Donna M. Ryu
United States Magistrate Judge